UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BRIDGETTE A TOJEK,

        Plaintiff,

    v.                                    19-CV-1470-LJV-MJR
                                                DECISION & ORDER
DIANE HARRIS,

        Defendant.
_____

On August 23, 2019, the *pro se* plaintiff, Bridgette A. Tojek, commenced this action against Diane Harris in New York State Supreme Court, Allegany County. Docket Item 1-1. At the time of the events alleged in the complaint, Tojek was the Town Justice for the Town of Allen, New York, Docket Item 1-5 at ¶¶ 4, 15, and Harris was the Town Supervisor, *id.* at ¶¶ 7, 14. The lawsuit centers on a June 11, 2019 affidavit penned by Harris that questioned Tojek's mental stability and ability to hold judicial office. *Id.* at ¶ 10. Tojek alleges that this affidavit led to, among other things, the temporary revocation of her pistol permit. *Id.* at ¶ 11. She asserts claims for defamation, libel, abuse of process, and violations of her constitutional rights. Docket Item 1-5. On October 31, 2019, Harris removed the case to this Court on the basis of federal question jurisdiction. Docket Item 1.

After Harris answered the complaint, this Court referred the case to United States Magistrate Judge Michael J. Roemer for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 13. A short time later, Tojek moved for a default judgment. Docket Item 16. Judge Roemer recommended denying that motion, Docket Item 21,

and on August 4, 2020, this Court adopted his recommendation in full, Docket Item 23. The parties then participated in mediation but were unable to reach a settlement. *See* Docket Items 24, 28, 29, 32.

On January 21, 2021, Harris moved to dismiss the complaint under Federal Rule of Civil Procedure 12(c).  Docket Item 33.  On March 1, 2021, Tojek responded and cross-moved to redact or fully seal an exhibit attached to Harris's motion.[1]  Docket Item 37.  A week later, Harris replied and responded to Tojek's cross-motion.  Docket Item 38.  And on September 23, 2021, Judge Roemer issued a Report, Recommendation, and Order ("RR&O") denying Tojek's motion and recommending that Harris's motion to dismiss be granted.  Docket Item 41.

More specifically, Judge Roemer recommended dismissing Tojek's defamation and libel claims for two independent reasons: (1) absolute privilege protected Harris's alleged defamatory statements; and (2) Tojek failed to plead actual malice.  *See id.* at 11-18.  He also recommended dismissing Tojek's abuse of process claim because Tojek did not allege that Harris "use[d] . . . a regularly issued process" or that Harris improperly used that process "to obtain a collateral objective."  *Id.* at 18.  Finally, Judge Roemer recommended dismissal of Tojek's constitutional claims because she failed to raise a viable Second, Fourth, Fifth, Sixth, or Fourteenth Amendment claim.  *See id.* at 22-27.

---

[1] On January 28, 2021, Judge Roemer set a briefing schedule for the motion to dismiss with Tojek's response being due February 26, 2021.  *See* Scheduling Notice entered on January 28, 2021.  A few days later, Tojek moved for an extension of time to respond.  Docket Item 36.  On March 12, 2021, Judge Roemer granted Tojek's motion for an extension of time to file a response *nunc pro tunc*.  Docket Item 40.

After several extensions of time to object, *see* Docket Items 43, 45, 47, on January 20, 2022, Tojek objected to the RR&O on numerous grounds.  Docket Item 48.  One day later, she supplemented her objections.  Docket Item 50.  Tojek objected to Judge Roemer's recommendation to dismiss her claims for libel, defamation, and abuse of process, but she did not object to Judge Roemer's recommendation to dismiss her constitutional claims.  Docket Items 48, 50.

This Court set a briefing schedule on Tojek's objections, ordering Harris to respond by February 11, 2022, and Tojek to reply by February 25, 2022.  Docket Item 49.  Harris timely responded, Docket Item 51, but Tojek neither replied nor moved for an extension of time to do so before February 25, 2022.  Nearly a month after the deadline, on March 23, 2022, Tojek moved for an extension of time to reply and to supplement her objections.  Docket Item 53.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised.  *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

This Court has carefully and thoroughly reviewed the RR&O; the record in this case; the objections and response; and the materials submitted to Judge Roemer.  Based on that review, the Court adopts Judge Roemer's recommendation to grant Harris's motion to dismiss Tojek's constitutional claims.  But for the reasons that follow,

the Court declines to exercise supplemental jurisdiction over Tojek's state-law claims for defamation, libel, and abuse of process; remands those claims back to state court; and denies Tojek's motion to extend the time to reply.[2]

## DISCUSSION

I.  **CONSTITUTIONAL CLAIMS**

Tojek asserts that Harris violated Tojek's rights under the Second, Fourth, Fifth, Sixth, and Fourteenth Amendments.  Docket Item 1-5.  Judge Roemer found that each claim failed and recommended dismissing those claims.  Docket Item 41 at 22-27.  Tojek did not object to Judge Roemer's recommendations to dismiss her constitutional claims.[3]  *See* Docket Items 48, 50.  This Court therefore need not review those recommendations.  *See Thomas*, 474 U.S. at 149-50.  Nevertheless, this Court has

---

[2] This Court assumes the reader's familiarity with the facts alleged in the complaint, *see* Docket Item 1-5; the procedural history; and Judge Roemer's RR&O, *see* Docket Item 41, and will refer only to the facts necessary to explain its decision.

[3] Tojek appears to object generally to the standard applied by Judge Roemer on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(c).  Docket Item 48 at 2-3.  In particular, she seems to take issue with—or has difficulty reconciling—Harris's answering the complaint and denying the essential allegations but then moving to dismiss and, for purposes of that motion, accepting as true all facts and inferences in the complaint.  *Id.*  But Harris did nothing inappropriate when she first answered the complaint and then brought a Rule 12(c) motion to dismiss shortly thereafter.  Nor did Judge Roemer identify and apply the incorrect legal standard in evaluating the motion to dismiss.  Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  The standard for deciding a Rule 12(c) motion is "the same . . . standard [that applies] to dismissals pursuant to [Rule] 12(b)(6).  Thus, [courts] will accept all factual allegations in the [c]omplaint as true and draw all reasonable inferences in [the plaintiff's] favor."  *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 429 (2d Cir. 2011).  Accordingly, Tojek's broad objection to the legal standard is without merit.

reviewed Judge Roemer's recommendation to dismiss the constitutional claims and agrees that those claims should be dismissed.

## II.     STATE-LAW CLAIMS

Without a viable constitutional claim, Tojek's claims all arise under state law. So before considering Tojek's objections to Judge Roemer's analysis and recommendation to dismiss her claims for defamation, libel, and abuse of process, this Court first examines whether it ought to exercise supplemental jurisdiction over Tojek's state-law claims.

A "district court[] may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "Once a district court's discretion is triggered under § 1367(c)(3), it balances the traditional 'values of judicial economy, convenience, fairness, and comity[]'" in deciding whether to exercise jurisdiction." *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). And "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* (alterations omitted) (quoting *Cohill*, 484 U.S. at 350 n.7).

But this principle "does not mean that the balance of the factors always points that way." *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 86 (2d Cir. 2018). Indeed, dismissal is not mandatory simply because section 1367(c)(3) applies. *Id.* at 85. Rather, "[w]hen § 1367(c)(3) applies, the district court must still meaningfully balance the supplemental jurisdiction factors," *id.* at 86, and "[t]he declining of

5

supplemental jurisdiction must actually promote those values" of judicial economy, convenience, fairness, and comity, id. at 85.

The balance of those factors here weighs in favor of declining to exercise supplemental jurisdiction.[4]  As explained above, the constitutional claims conferring jurisdiction on this Court are being dismissed.  And although this case has been pending for more than two years, it is still in its nascent stages.  It is a long way from trial—indeed, other than the present motion to dismiss and the previously denied motion for default judgment, little of substance has occurred.

Moreover, comity weighs heavily in favor of declining to exercise supplemental jurisdiction.  In particular, Tojek's defamation and libel claims raise unsettled issues of New York law—such as whether Harris's alleged defamatory statements are absolutely privileged because they were made by a government official "about[] what she believed to be[] erratic, odd, and potentially dangerous behavior by [a town justice]."[5]  See

---

[4] The Second Circuit noted in *Catzin* that "[h]earing from the parties either in person or on the papers is typically an essential component of the inquiry into whether to decline to exercise supplemental jurisdiction."  899 F.3d at 83.  The court then found that a district court abused its discretion in revoking supplemental jurisdiction *sua sponte* "one day prior to the final pretrial conference" without notice and an opportunity to be heard.  *Id.* at 84, 87.  Such notice concerns are not present here where the court is faced with a motion to dismiss.  *See id.* at 84 ("[A]n opportunity to be heard on whether to exercise supplemental jurisdiction may be inherent in the course of . . . resolving motions to dismiss . . . .  In such situations, a district court need not provide a separate opportunity to be heard beyond the briefing and resolution of such motions.").

[5] Judge Roemer found that even if the alleged defamation were not absolutely privileged, a qualified privilege would require allegations of "actual malice."  *See* Docket Item 41 at 14.  But Tojek alleged that Harris made "outright false" statements "for her own personal vendetta."  *See, e.g.*, Docket Item 1-1 at 2 (summons with notice); *see also* Docket Item 1-5 at ¶¶ 10-11 (complaint).  And even if that were not sufficient to allege actual malice, the Court would give Tojek an opportunity to amend, especially given Tojek's *pro se* status.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("A *pro se* complaint is to be read liberally.  Certainly the court should not dismiss

Docket Item 41 at 11-14.  Especially because so little of substance has happened thus far, such questions are better addressed by the state court.  And there is nothing to suggest that the other "values" that this Court should consider—judicial economy, fairness, and convenience, see Catzin, 899 F.3d at 85-86—would be compromised by remanding this case back to state court.

In short, given the early stage of this litigation and the questions of state law raised in the case, the Court declines to exercise supplemental jurisdiction over Tojek's remaining state-law claims.  The Court therefore remands Tojek's state-law claims for defamation, libel, and abuse of process to New York State Supreme Court, Allegany County.  See Valencia v. Lee, 316 F.3d 299, 308 (2d Cir. 2003) ("Because this case was commenced in state court, the district court should remand the action to the state court in which it was originally filed.").

### III.    MOTION FOR AN EXTENSION OF TIME TO REPLY

Tojek did not timely reply to Harris's response to the objections.  See Docket Item 49 (setting deadline of February 25, 2022, for Tojek's reply).  But on March 23, 2022—that is, nearly a month after the deadline—Tojek asked the Court to extend her time to reply and to permit her to "file an addition to [her] earlier response." Docket Item 53.  Tojek notes that she called the Court's pro se office on February 19, 2022, and that her call was not returned.  Id.  This may explain why Tojek desired more time to prepare

---

without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.").

In any event, this Court finds that in the interest of comity, a state court should have the opportunity to address such issues of state law.

7

her reply, but it does not explain why Tojek waited until nearly a month after the reply deadline to ask for an extension—something Tojek previously had done without issue, *see* Docket Items 36, 42, 44, 46 (motions for extension of time).

Moreover, Tojek's reply would not affect this Court's ruling on the motion to dismiss because Tojek did not object to the dismissal of her federal claims, *see* Docket Items 48, 50, and her reply therefore could not address those claims, *see Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("[F]ailure timely to object [sic] to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *see also United States v. Yousef*, 327 F.3d 56, 115 (2d Cir. 2003) ("We will not consider an argument raised for the first time in a reply brief.").

For all those reasons, Tojek's motion for an extension of time to reply is denied.

## **CONCLUSION**

For the reasons stated above and in the RR&O, Harris's motion to dismiss, Docket Item 33, is GRANTED in part. Tojek's constitutional claims are dismissed, and the Court declines to exercise supplemental jurisdiction over her remaining state-law claims. Tojek's state-law claims for defamation, libel, and abuse of process are REMANDED to New York State Supreme Court, Allegany County. Tojek's motion for an extension of time to reply, Docket Item 53, is DENIED. The Clerk of the Court shall close the file.

SO ORDERED.

Dated:  March 31, 2022
        Buffalo, New York

 

                                           ***/s/ Lawrence J. Vilardo***
                                          LAWRENCE J. VILARDO
                                          UNITED STATES DISTRICT JUDGE